IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 6:19-239 | |
| | ) | 18 U.S.C. § 1349 | |
| | ) | 18 U.S.C. § 981(a)(1)(C) | |
| vs. | ) | 28 U.S.C. § 2461(c) | |
| | ) | | |
| | ) | | |
| SCOTT KOHN | ) | | |
| FUTURE INCOME PAYMENTS, LLC | ) | | |
| JOSEPH P. HIPP | ) | | |
| KRAIG S. AIKEN | ) | | |
| DAVID N. KENNEALLY | ) | SUPERSEDING INDICTMENT | |

2019 JUL -9 PM 12:05  RECEIVED USDC CLERK, GREENVILLE, SC

THE GRAND JURY CHARGES:

1. That beginning in or about April 2011 and continuing up and to the date of this Superseding Indictment, in the District of South Carolina and elsewhere, the Defendants, SCOTT KOHN, FUTURE INCOME PAYMENTS, LLC, JOSEPH P. HIPP, KRAIG S. AIKEN, and DAVID N. KENNEALLY, (hereafter "FIP Defendants") did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with each other and with others known and unknown to the Grand Jury, to devise and execute a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and during such period, in the course of executing said scheme and artifice

a. transmitted and caused to be transmitted in interstate commerce, wire communications, including writings, signs, signals, pictures, and sounds, for the purpose of executing the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343; and

b. deposited and caused to be deposited any matter and thing whatever to be sent or delivered by the United States Postal Service and any private and commercial interstate carrier,

for the purpose of executing the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1341.

## THE SCHEME AND ARTIFICE

2. Future Income Payments, LLC ("FIP"), formerly known as Pensions, Annuities, and Settlements, LLC ("PAS"), is fully owned and controlled by SCOTT KOHN. PAS was formed on April 13, 2011.

3. During the course of the conspiracy:

   a. JOSEPH P. HIPP managed and oversaw investor solicitations for FIP products.

   b. KRAIG S. AIKEN served as the controller and later Chief Financial Officer for FIP.

   c. DAVID N. KENNEALLY served as Chief Financial Officer for FIP prior to KRAIG S. AIKEN assuming this responsibility.

4. FIP actively recruited pension holders (described as "sellers" in FIP nomenclature) who found themselves in acute financial distress and were desperate for money. In exchange for the pensioner selling, assigning, or promising to pay monthly pension payments to FIP, the pensioner received a lump sum payment or loan. The adjusted annual percentage rate on these transactions often exceeded 100 percent.

5. The consumer protection authorities of various states have forbidden FIP from doing business in their states based on findings that the transactions with the pensioners lacked the features of a sale, and/or were instead more accurately described as usurious loans, and/or were offered by an unlicensed entity.

6. Many of the pension holders targeted by FIP were veterans of the United States

Armed Forces. Federal law prohibits assignment of such pension payments under 18 U.S.C. § 5301.

7. Working through a network of investment advisors and insurance agents, FIP solicited investors (described as "buyers" in FIP nomenclature) to purchase "structured cash flows" (i.e., pensioner monthly pension payments). FIP represented that its structured cash flows would provide higher rates of return than traditional fixed income products. It further represented that the investors would receive a consistent and predictable income. FIP allowed investors to use nonqualified or qualified (i.e., IRA/ROTH) funds and promised a rate of return of between 6.5 percent and 8 percent based on the term and source of pension funds.

8. In written contracts and oral presentations and in an effort to induce investors to purchase structured cash flows, FIP represented that it had established short- and long-term reserve accounts to mitigate the risk of default by pension holders. In fact, these accounts were not established or funded.

9. FIP took active steps to conceal from investors the usurious nature of its transactions with pension holders to induce investors to purchase the structured cash flows.

10. As state regulators began prohibiting FIP from operating in various states and pensioners struggled under a usurious payment regime imposed on them, FIP diverted new investor funds flowing into the business to fund payments to earlier investors to keep the scheme and artifice operational. In this manner, the investment program operated by FIP was a "Ponzi scheme."

11. During the course of the conspiracy, FIP used the United States mails to solicit Buyers/Investors and caused investors to transfer millions of dollars via interstate wire

3

communications.

12. During the course of the conspiracy, the FIP Defendants were aware of and/or actively participated in misrepresentations or the concealment of material information from investors and other entities, including, but not limited to the following:

    a. the lack of a FIP reserve fund;

    b. the operation of a Ponzi scheme; and

    c. the usurious nature of FIP transactions with pension holders;

13. The operation of the scheme and artifice surrounding FIP allowed the FIP Defendants to live lavish lifestyles.

14. When FIP ceased doing business in and around April 2018, investors who had been induced to purchase structured cash flows based on active concealment and misrepresentation of material information were owed approximately $297 million.

All in violation of Title 18, United States Code, Section 1349.

# FORFEITURE

CONSPIRACY:

Upon conviction to violate Title 18, United States Code, Section 1349 (conspiracy to commit mail fraud and wire fraud) as charged in this Superseding Indictment, the Defendants, SCOTT KOHN, FUTURE INCOME PAYMENTS, LLC, JOSEPH P. HIPP, and KRAIG S. AIKEN, DAVID N. KENNEALLY, shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to such property.

PROPERTY:

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the property subject to forfeiture includes, but is not limited to, the following:

### Forfeiture Judgment/Proceeds:

A sum of money equal to all proceeds the Defendants obtained directly or indirectly as the result of the offenses charged in this Superseding Indictment, that is, a minimum of $297,129,921.77 and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to their violation of 18 U.S.C. § 1349.

### Insurance Policies:

A.  $110,112.52 in funds from Minnesota Life Insurance Policy Number 2761338W in the name of Joseph P. Hipp and Beth M. Hipp
    Asset ID: 19-FBI-000909

B.  $249,729.66 in funds from Jefferson National Life Insurance Company The Hipp 2013 Irrevocable Trust Account # 4686431
    Asset ID: 19-FBI-001085

Bank Accounts:

A. $1,374,193.70 in funds from JP Morgan Chase
Bank account numbers x8020 and x5605
In the name of: Pink Wasabe
Seized from: Scott Kohn - Pink Wasabe
Asset ID: 19-FBI-002205

B. $3,844.48 in funds seized from Wells Fargo account number x7364
In the name of: Car Champs Finance, LLC
Seized from: Scott Kohn
Asset ID: 19-FBI-001626

C. $479.87 in funds from Wells Fargo account number x1571
In the name of: Investors Choice Commercial Leasing
Seized from: Scott Kohn
Asset ID: 19-FBI-001452

D. $15,541.34 in funds from Wells Fargo account # x8268
In the name of: Veterans Rideshare
Seized from: Scott Kohn
Asset ID: 19-FBI-001451

E. $142.88 in funds from Bank of Nevada / Western Alliance
Bank account number x5007
In the name of: Leckwith Woods LLC, Scott Kohn
Seized from: Scott Kohn
Asset ID: 19-FBI-000065

F. $86,330.32 in funds from TD Ameritrade account number x3124
In the name of Joseph P. Hipp and The Hipp 2013 Irrevocable Trust
Seized from: Joseph P. Hipp
Asset ID: 19-FBI-001230

G. $17,250.54 in funds from TD Ameritrade account number x5146
In the name of Joseph P. Hipp and The Hipp 2013 Irrevocable Trust
Seized from: Joseph P. Hipp
Asset ID: 19-FBI-001229

H. $79,962.16 in funds from TD Ameritrade account number x0302
In the name of Joseph P. Hipp and The 2013 Hipp Irrevocable Trust
Seized from: Joseph P. Hipp
Asset ID: 19-FBI-000066

Artwork:

Miscellaneous Artwork
Seized from: Susan Kohn
Asset ID: 19-FBI-004486

Real Properties:

A.     1237 Palisades Circle
        Heber Springs, AR 72543
        Cleburne County, AR
        Titled to: The Hipp 2013 Irrevocable Trust
        TMS: 300-02064-00
        Asset ID: 19-FBI-001823

B.     1686 Mason Knoll Court
        St. Louis County, MO
        Saint Louis, MO 63131
        Titled to: Joseph P. Hipp, Beth M. Hipp, and
        The Hipp 2013 Irrevocable Trust

C.     151 Gamay Circle
        Yountville, CA   94599
        Napa County, CA
        Titled to: Francine Kohn
        TMS: 910-010-661-000

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the

Defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty.

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1),

[incorporating Title 21, United States Code, Section 853(p)], to seek forfeiture of any other property of the said Defendants up to the value of the above forfeitable property.

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A  True  Bill

REDACTED
FOREPERSON

_____
SHERRI A. LYDON   (WJW/jl)
UNITED STATES ATTORNEY

8